Helm., J.
B. F. Pine, Jr., being the surviving partner in the firm of B. F. Pine & Son, executed a written assignment of all the firm property to defendant in error; this assignment was for the benefit of the firm creditors, but gave preference to two of them. The firm being insolvent, Brinker, one of the creditors not so preferred, brought suit and recovered a judgment for the amount of his claim; in aid of such suit he caused plaintiff in error, as deputy sheriff, to levy a writ of attachment upon the property, three days subsequent to the assignment thereof. Thereupon defendant in error, the said assignee, instituted his action of replevin for possession of the goods. This action was successful, and the present writ of error was sued out of this Court to reverse the judgment rendered therein.
At the trial of the cause, the written assignment aforesaid was admitted in evidence over defendant’s objection. This action of the Court is assigned for error, and the most important questions presented rest upon this objection: Can the surviving partner of an insolvent firm assign the partnership effects for the benefit of preferred partnership creditors? If he cannot do so, may the validity of such assignment be questioned in a legal action by a firm creditor, or must an equitable action be first instituted to cancel and set aside the same?
*464 The surviving partner is a trustee, the firm property being the trust estate; the partnership creditors and the representatives of the deceased partner, are the beneficiaries; there being also a beneficial interest in favor of the surviving partner himself; the sole purpose of the trust is the. closing up of the partnership business, and payment of the surplus, if any, after settlement of the debts, to the proper parties.
In the performance of his duties, the surviving partner is governed by the rules applying to ordinary trustees. His acts are scrutinized with the same care, and he is held to the same diligence and good faith as is required in the management of other trust estates. Gillett et al. v. Gaffney et al., 3 Colo., 364.
His right to make an equitable and just assignment of the partnership effects and credits, for the equal benefit of all the creditors, is now recognized by a preponderance of authority. Such right is, we think, also recognized and regulated by Sec. 68, of the General Statutes. When the assignment before us was executed, however, this act had not become a law. Therefore our present investigation is not governed or in any manner affected thereby. But an assignment for the benefit of preferred creditors, the firm being insolvent, is declared invalid by Courts of the highest dignity and worth. In his position of trustee for all the firm creditors, the surviving partner is not permitted to sacrifice the interests of one by favoritism shown to another. If there be not sufficient partnership property to pay all the debts, equity and good conscience require that the trustee shall distribute the proceeds therefrom ratably among the creditors.
There are authorities which seem to hold that a surviving partner may prefer creditors in settling the firm obligations; but so far as we have been able to discover, with a single exception, there was no question of insolvency in the cases upon which such declaration rests. The reason for the rule prohibiting preference among the creditors did not exist, and therefore such cases do not militate against the correctness of the rule where such reason appears. If the firm assets are sufficient to pay all of the firm debts, so that each creditor will ultimately receive compensation in full, preference in the time or order of payment may not be inconsistent with the conditions of the trust. The exception referred to is the case of *465 Egberts v. Wood, 3 Paige’s Chancery R., 526, in which the Chancellor suggests that the representative of the deceased partner has “no interest in the question as to what debts shall be paid first in case the partnership effects are insufficient to pay the whole,” and therefore an assignment for the benefit of preferred creditors cannot be impeached on the ground that such representative had no knowledge thereof The suit was brought by a firm creditor; the assignment was not sustained, but the reason given for declaring it void was, that one of the surviving partners had no knowledge thereof and gave no consent thereto.
But counsel for defendant in error insist that the acts of the surviving partner in this respect can only be questioned in a Court of equity; that his assignment for the benefit of preferred creditors cannot be attacked in a legal forum.
From the nature of the transactions and legal status of the parties interested, it is true that these questions more often arise in equitable actions. But such an assignment, insolvency appearing otherwise, is held void as against a creditor injured thereby. No investigation is necessary to disclose this fact, for the instrument, the assignor being insolvent, bears on its face evidence of its own invalidity. Where the void assignment is offered and relied upon by the party to be benefitted thereby, there would seem to be no good reason why objection thereto may not, under our practice, be made in a Court of law. In the action of ejectment, Courts of law have long assumed the privilege of rejecting a void deed; and they have insisted upon a large concurrent jurisdiction with Courts of equity in investigating certain questions of fraud for the purpose of determining such invalidity. A resort to equity is necessary to set aside or cancel such an instrument and remove the cloud upon title; but the defect appearing on its face or being disclosed in a proper manner, Courts of law simply treat the deed as a nullity and ignore its existence. We do not think that such an assignment as the one before us, ought to receive any greater consideration or protection than a void deed to realty. And this is especially true under our present system of procedure.
Had plaintiff averred ownership of the property replevied by virtue of the assignment, defendant would have met the *466 averment with an allegation of fraud upon creditors in the assignment; and the issue made upon this question would have been fully tried. There being only a general allegation of ownership in the complaint, it would be unjust to say that defendant might not object to the instrument upon which such ownership and right to possession entirely depend, where the matters appearing on the face of the instrument itself, together with the evidence already before the Court, establish the fact that the claim of ownership is without foundation.
It must be borne in mind that the proofs of plaintiff in making out his case, including evidence without objection on cross-examination, show beyond question, the insolvency of the partnership at the time of the assignment; also the facts that the assignment was made for the benefit of preferred creditors, and that Brinker was an unpreferred creditor to the extent of over $3,000. And therefore plaintiff himself thus established a defense against his own action, which, if properly averred, would be decisive in a Court of equity. It must also be remembered that under our practice an equitable defense is available in a legal action; and, therefore, defendant; was entitled upon proper averment to prove the same as an affirmative defense in this case. He would not be permitted, after plaintiff makes out a prima facia case and rests, to offer evidence of a defense either legal or equitable, which was not presented by the pleadings. But when the evidence of plaintiff, in support of his case, discloses a perfect defense, whether the same be equitable or legal, he will be deemed to have waived the defect arising from a want of averment thereof in the answer, and defendant may have the benefit of such defense. This is especially true where, as in the case before us, defendant may not, previous to the trial, have information which would enable him to plead the defense in his answer.
Had the assignment been rejected by the Court when offered in evidence, plaintiff could not have recovered; having been received in connection with the other proofs, it established a defense and defeated his claim of right to possession of the property in controversy.,
The judgment will be reversed and the cause remanded.
[Mr. Justice Stone concurs in this opinion, Beck, C. J., dissents.]
Harman & Ellis, for plaintiff in error.
Platt Rogers and R. C. Whiteley, for defendant in error.